DISTRICT COURT.                    JULY 31, 1863.
                    ADMIRALTY.

## THE THOMAS STANLEY.

1. A vessel about midnight collides with another at anchor.  The weight of testimony was that there was a light on board the anchored vessel and that the colliding vessel had not a proper lookout.  *Held*, that the negligence was that of the colliding vessel which was alone responsible.
2. Scope of inquiries of nautical assessors.

### CAUSE OF COLLISION.

THIS CASE having been heard upon the proofs and arguments of the respective advocates, the Court asked the nautical assessor to consider the evidence and answer, verbally or in writing, the following questions:

1. Whether the evidence leaves on his mind any doubt that there was, at the time of collision, a light properly set in the vessel at anchor.

2. Whether a movement, or attempted movement on her part, at the crisis of peril would have been justifiable.

3. If it would have been justifiable, was it requirable under any nautical rule or usage?

ANSWERS having been made,

THE JUDGE said:

I am aware that the tendency of the present practice of this court is towards an unprecedented extension of the scope of inquiries by nautical assessors; and I am doubtful whether the proper limits of references to such assistants were not exceeded in this case.  Had the answer of the assessor to any of the three questions been different from that which has been returned, I would probably have decided the case in opposition to his opinion.

It is clear, I think, that there was not a proper lookout by the two men in the fore part of the colliding vessel, either from inattention or because they were not properly stationed on opposite sides of her.  The man at the helm would not

necessarily have seen the light in the vessel at anchor in season to have avoided the danger. The other witness of those on board of the colliding vessel was not on the lookout when he first discerned the anchored vessel. The crisis of peril was then arrived. If there had been a proper lookout for a light before the anchored vessel was discerned, the negative evidence of those who did not see the light would perhaps require careful consideration. But that those who unexpectedly discovered a vessel at anchor on which they were bearing down should not recollect having seen a light at that moment is not surprising and has no strong tendency to contradict the affirmative testimony that there was one. If the tendency had been stronger the negative evidence would be rebutted by the admissions of the captain of the colliding vessel as to the light. The whole of what he said is not reasonably referrable, as the respondent's counsel has argued, to a light put up after the collision had occurred. That the light was set in the early part of the evening is proved, and the assessor states that until an hour after midnight it would not have required trimming. The collision cannot according to the testimony have occurred after midnight. Independently of the opinion of the assessor, I think it impossible to doubt that there was a proper light in the anchored vessel.

To the second and third questions, a simply negative answer might have been returned. The additional remarks of the assessor serve as an explanation rather than qualification of such an answer. A movement in obedience to a requirement from the approaching vessel would not have been a movement *on the part of* the anchored vessel.

The case is a clear one for a decision in favor of the libellant.

Decree accordingly.